54 F.3d 773
 75 A.F.T.R.2d 95-2213, 95-1 USTC P 50,294
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James G. MALLAS, Plaintiff-Appellant,
and
John W. FLINT; Robert V. Jones, Jr.; Perry Brunk; Peoples
Supply Company, Incorporated; Omega Energy, Incorporated;
Revel, Incorporated; Trinity Properties, Incorporated;
Genesis Leases, Incorporated; Star Cross Properties,
Incorporated, Plaintiffs,
v.
UNITED STATES of America, Defendant-Appellee,
and
Alvin H. KOLAK; Joanne D. Miller; William H. Ball; Paul
G. Topolka; Jack D. Yarbrough; Fred T. Goldberg, Jr.;
Alan I. Weinberg; Larry L. Davis; Robert Forrest;
Internal Revenue Service, Defendants.
 No. 94-2138.
 United States Court of Appeals, Fourth Circuit.
 Argued April 6, 1995.
Decided May 15, 1995.
 
 ARGUED: James Wright Crabtree, Smathers & Thompson, Charlotte, NC, for appellant. Janet A. Bradley, Tax Division, United States Department of Justice, Washington, DC, for appellee. ON BRIEF: Loretta C. Argrett, Assistant Attorney General, Gary R. Allen, Bruce R. Ellisen, Walter Clinton Holton, Jr., United States Attorney, Tax Division, United States Department of Justice, Washington, DC, for appellee.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and LUTTIG and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James Mallas sought an award of punitive damages against the Internal Revenue Service (IRS) pursuant to 26 U.S.C. Sec. 7431(c)(1)(B)(ii) for the unauthorized disclosures of his tax return information. After a bench trial the district court held that Mallas was not entitled to punitive damages because he failed to show that the IRS acted willfully or with gross negligence. Mallas appeals. Finding no error, we affirm.
 
 I.
 
 2
 Beginning in 1977, James Mallas, a North Carolina investment counselor, designed and promoted a tax shelter program based on deductions from participation in coal mining and leasing enterprises. After an IRS criminal investigation, Mallas was indicted on thirty-five counts of fraud and tax evasion. On January 30, 1984, a jury convicted him of fourteen counts. Thereafter, the IRS prepared "revenue agent reports" (RARs) and disseminated them to investors in Mallas's tax shelter program. These reports described Mallas's convictions and advised that losses claimed through the program would be disallowed. See United States v. Mallas, 993 F.2d 1111, 1115 n. 1 (4th Cir.1993) (quoting text of the Mallas RAR). On May 20, 1985, a panel of this court reversed all of Mallas's convictions, holding they were founded upon "an unsubstantiated theory of tax law." Mallas v. United States, 762 F.2d 361, 363 (4th Cir.1985). Nevertheless, for the next few years the IRS continued to disseminate the same RARs to other investors without modifying the RARs to reflect that Mallas's convictions had been reversed.
 
 
 3
 In October 1988 Mallas brought an action against the United States pursuant to 26 U.S.C. Sec. 7431. He claimed that the IRS's dissemination of the RARs constituted wrongful disclosures of his tax "return information" in violation of 26 U.S.C. Sec. 6103. He sought actual and punitive damages.
 
 
 4
 The district court ruled that the IRS made 73 unauthorized disclosures in violation of 26 U.S.C. Sec. 6103(a). The court found that Mallas had not shown any actual damages and therefore awarded him statutory damages pursuant to 26 U.S.C. Sec. 7431(c)(1)(A) in the amount of $73,000. The court dismissed Mallas's claim for punitive damages on the erroneous theory that punitive damages could not be awarded in the absence of actual damages.
 
 
 5
 On appeal our court held, among other things, that the district court erred in concluding that punitive damages could not be awarded if actual damages were not shown. We therefore remanded for a determination whether Mallas was entitled to punitive damages. We said:
 
 
 6
 On remand, the district court should provide Mallas an opportunity to prove that the IRS acted willfully or with gross negligence. If the court finds that the IRS did so act, and that more than $73,000 in punitive damages are appropriate, then it should award him that amount instead of $73,000.
 
 
 7
 993 F.2d at 1126.
 
 
 8
 After the case was remanded, Mallas served on the government several discovery requests relating to the punitive damages issue. The government filed a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c), and the district court granted the motion. After a bench trial the court issued a memorandum opinion and order holding that Mallas could not recover punitive damages because he did not show that the IRS acted willfully or with gross negligence. Mallas appeals.
 
 II.
 A.
 
 9
 The issue on remand was whether the IRS acted willfully or with gross negligence when it made the unauthorized disclosures of Mallas's return information. Apparently Mallas did not seek discovery on this issue prior to the district court's earlier ruling (reversed by our court) that punitive damages were unavailable in the absence of actual damages. Consequently, on remand he served on the government a request for document production, interrogatories and a notice of deposition. The government responded with a motion for a protective order, arguing that Mallas had ample opportunity to conduct this discovery when the case was originally before the district court. The district court granted the government's Rule 26(c) motion and ordered "that discovery shall not be and is not reopened." JA 48. Mallas contends the court erred in declining to reopen discovery. We review for abuse of discretion, bearing in mind that the district court has "wide latitude in controlling discovery." Ardrey v. United Parcel Serv., 798 F.2d 679, 682 (4th Cir.1986), cert. denied, 480 U.S. 934 (1987). See Herbert v. Lando, 441 U.S. 153, 177 (1979) ("judges should not hesitate to exercise appropriate control over the discovery process").
 
 
 10
 Mallas commenced his "unauthorized disclosure" case in October 1988. He sought actual and punitive damages. The discovery period opened on September 13, 1989, and was scheduled to last through September 1, 1990. At the conclusion of the discovery period, Mallas moved for an extension of time. The court granted a six-week extension, and the discovery period closed on October 19, 1990. Thus, Mallas had more than a year to conduct discovery in support of his claim for punitive damages. In view of the ample time he had for discovery, we cannot say the district court abused its discretion in issuing a Rule 26(c) protective order that blocked the reopening of discovery on remand. See Fed.R.Civ.P. 26(b)(2)(ii) ("The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that ... (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought[.]"); Rule 26, Advisory Committee's Notes, 1983 Amendments ("The grounds mentioned in [Rule 26(b)(2) ] for limiting discovery reflect the existing practice of many courts in issuing protective orders under Rule 26(c).").
 
 B.
 
 11
 The district court held that Mallas could not prove that the IRS acted willfully or with gross negligence. In its memorandum opinion the court said, "The Court has reviewed all exhibits and documents filed in the case and finds that there is not any evidence that gives rise to punitive damages." JA 17. In a one paragraph argument, Mallas contends that the district court's finding was clearly erroneous. We disagree.
 
 
 12
 At the bench trial, Mallas called an expert witness, Robert Groseman. Mr. Groseman was a tax lawyer and former employee of the IRS. He testified that, in his opinion, the IRS's actions appeared to be willful or grossly negligent. The district court accorded Mr. Groseman's testimony no weight because it was not based on any information about why the IRS made the unauthorized disclosures.
 
 
 13
 The government called Patricia Hoyt. Ms. Hoyt had served as the chief of the examination support staff at the IRS district office in Greensboro, North Carolina, when the Mallas RARs were initially prepared and disseminated in 1984. Ms. Hoyt, who was not involved in the disseminations that occurred after we reversed Mallas's convictions, testified that she personally edited the wording of the Mallas RAR and did not believe that the disclosures violated 29 U.S.C. Sec. 6103. She also explained that the reversal of his convictions had no effect on the investors who received the RARs, because their claimed losses would be denied nonetheless.
 
 
 14
 Based on the record before the district court, we cannot hold that the court's finding was clearly erroneous. Mallas presented no evidence to show that the IRS officials involved in the post-reversal disseminations were aware of the reversal, or that those officials "made the disclosures without ground for believing that they were lawful or with a reckless disregard of [Mallas's] rights," Marre v. United States, 38 F.3d 823, 826 (5th Cir.1994). Mallas suggests that willfulness or gross negligence could be inferred from the mere fact that the IRS disseminated the RARs for over three years after his convictions were reversed. But whether the district court could have drawn such an inference is not the issue before us. Rather, we must determine whether, on the record before the district court, the court clearly erred in finding against Mallas. We cannot say that it did. "The record does not support a finding that [the] disclosures were a flagrant violation of 26 U.S.C. Sec. 6103." Marre, 38 F.3d at 827.
 
 III.
 
 15
 We affirm the district court's judgment denying Mallas's punitive damages claim.
 
 AFFIRMED